**BIN LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–3439–ag.**

United States Court of Appeals, Second Circuit.

April 21, 2008.

Yan Wang, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Terri J. Scadron, Assis-

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

tant Director, Greg Mack, Senior Litigation Counsel, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District Columbia, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Bin Lin, a native and citizen of the People's Republic of China, seeks review of the July 12, 2007 order of the BIA affirming the December 8, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bin Lin,* No. A98 560 438 (B.I.A. July 12, 2007), *aff'g* No. A98 560 438 (Immig. Ct. N.Y. City Dec. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Upon review of the administrative record, we find that substantial evidence supports the agency's adverse credibility determination. The multiple specific examples of discrepancies between Lin's testimony and the record—e.g., his failure to disclose during his airport interview that he had been arrested and detained for fifteen days,[2] as well as his inconsistent testimony about whether his girlfriend's father had been arrested—provided sufficient bases on which the agency could conclude that he was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). While Lin offered explanations for the discrepancies identified by the agency, no reasonable fact-finder would have been compelled to accept them. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). Moreover, the IJ properly noted Lin's evasive demeanor during testimony, 8 U.S.C. § 1158(b)(1)(B)(iii), and we afford substantial deference to that finding. *See Shu Wen Sun v. BIA,* 510 F.3d 377, 381 (2d Cir.2007). Based on these findings, no error argued by Lin would induce us to disturb the agency's adverse credibility determination as it can be confidently predicted that the agency would reach the same conclusion on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006).

Lin based his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim. Accordingly, the agency's adverse credibility determination necessarily precludes success

---

**2.** Our review of the record leads us to conclude that the airport interview statement was sufficiently reliable to merit consideration.

*See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004).

on those claims as well.[3] *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.

---

3. Because Lin failed to argue before either this Court or the BIA his claims for relief based on the illegal nature of his departure from China, we consider that basis for relief abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).